IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROCIO VAZQUEZ HERNANDEZ; INDIVIDUALLY AND AS NEXT FRIEND ON BEHALF OF K.Z., M.Z., K.Z., AND F.Z., MINOR CHILDREN; INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF FRANCISCO ZAMORA, DECEASED<br>V.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, SWBC PROFESSIONAL EMPLOYER SERVICES I, LLC, SWBC PROFESSIONAL EMPLOYER SERVICES II, LLC SWBC PROFESSIONAL EMPLOYER SERVICES III, LLC SWBC PROFESSIONAL EMPLOYER SERVICES IV, LLC SWBC PROFESSIONAL EMPLOYER SERVICES V, LLC AND ILKA RAMIREZ<br>*DEFENDANTS* | § § § § § § § § § § § § § § § § § § § § §   CIVIL ACTION NO. 5:19-CV-37-DAE |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, **ROCIO VAZQUEZ HERNANDEZ, INDIVIDUALLY AND AS NEXT FRIEND ON BEHALF OF K.Z., M.Z., K.Z., AND F.Z., MINOR CHILDREN; INDIVIDUALLY, AND AS REPRESENTATIVES OF THE ESTATE OF FRANCISCO ZAMORA, DECEASED,** hereinafter referred to by name or as Plaintiff, and complain of **METROPOLITAN LIFE INSURANCE COMPANY, SWBC PROFESSIONAL EMPLOYER SERVICES I, LLC, SWBC PROFESSIONAL EMPLOYER SERVICES II, LLC SWBC PROFESSIONAL EMPLOYER SERVICES III, LLC SWBC PROFESSIONAL EMPLOYER SERVICES IV, LLC SWBC**

**PROFESSIONAL EMPLOYER SERVICES V, LLC (**collectively referred hereinafter as "**SWBC**") and their employee, **ILKA RAMIREZ,** hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court the following:

## II.   PARTIES

**2.1**   Plaintiff **ROCIO VAZQUEZ HERNANDEZ** is an individual residing in TRAVIS COUNTY, TEXAS. She appears in this action individually and through DESOUZA LAW PC, her duly appointed representative.

**2.2**   Plaintiff **HERNANDEZ** further brings suit as the representative of the estate of **FRANCISCO ZAMORA**.

**2.3**   Plaintiff **HERNANDEZ** further brings suit on behalf of her and MR. ZAMORA'S minor children, **K.Z., M.Z., K.Z., AND F.Z.**

**2.4**   Defendant **METROPOLITAN LIFE INSURANCE COMPANY** (hereinafter referred to as "**METLIFE**") a company licensed to do business in Texas, having its headquarters at **200 PARK AVENUE, NEW YORK, NEW YORK 10166-0188**, may be served with process through its registered agent at: **C T CORPORATION SYSTEM, 1999 BRYAN STREET SUITE 900, DALLAS TX 75201 -3136.** Defendant has filed an answer and appeared in this action.

**2.5**   Defendant **SWBC PROFESSIONAL EMPLOYER SERVICES I, LLC,** (hereinafter referred to as "**SWBC**") a limited liability company licensed to do business in Texas, having its headquarters at **9311 SAN PEDRO, SUITE 600, SAN ANTONIO, TX 78216**, may be served with process through its registered agent:  **GARY L. DUDLEY, 9311 SAN**

PEDRO, SUITE 600, SAN ANTONIO, TX 78216. Defendant has filed an answer and appeared in this action.

2.6    Defendant **SWBC PROFESSIONAL EMPLOYER SERVICES I, LLC,** (hereinafter referred to as "**SWBC**") a limited liability company licensed to do business in Texas, having its headquarters at **9311 SAN PEDRO, SUITE 600, SAN ANTONIO, TX 78216**, may be served with process through its registered agent: **GARY L. DUDLEY, 9311 SAN PEDRO, SUITE 600, SAN ANTONIO, TX 78216.** Defendant has filed an answer and appeared in this action.

2.7    Defendant **SWBC PROFESSIONAL EMPLOYER SERVICES III, LLC,** (hereinafter referred to as "**SWBC**") a limited liability company licensed to do business in Texas, having its headquarters at **9311 SAN PEDRO, SUITE 600, SAN ANTONIO, TX 78216**, may be served with process through its registered agent: **GARY L. DUDLEY, 9311 SAN PEDRO, SUITE 600, SAN ANTONIO, TX 78216.** Defendant has filed an answer and appeared in this action.

2.8    Defendant **SWBC PROFESSIONAL EMPLOYER SERVICES IV, LLC,** (hereinafter referred to as "**SWBC**") a limited liability company licensed to do business in Texas, having its headquarters at **9311 SAN PEDRO, SUITE 600, SAN ANTONIO, TX 78216**, may be served with process through its registered agent: **GARY L. DUDLEY, 9311 SAN PEDRO, SUITE 600, SAN ANTONIO, TX 78216.** Defendant has filed an answer and appeared in this action.

2.9    Defendant **SWBC PROFESSIONAL EMPLOYER SERVICES V, LLC,** (hereinafter referred to as "**SWBC**") a limited liability company licensed to do business in Texas,

having its headquarters at **9311 SAN PEDRO, SUITE 600, SAN ANTONIO, TX 78216**, may be served with process through its registered agent: **GARY L. DUDLEY, 9311 SAN PEDRO, SUITE 600, SAN ANTONIO, TX 78216.** Defendant has filed an answer and appeared in this action.

**2.10** Defendant ILKA RAMIREZ (hereinafter referred to as "RAMIREZ")is an individual, who may be served with process at **3354 Le Blanc Street, San Antonio, TX 78247**, or wherever she may be found. Defendant has filed an answer and appeared in this action.

### III.   JURISDICTION AND VENUE

**3.1**   This Court has subject matter jurisdiction over the ERISA claims under 29 U.S.C. § 1132(e)(1). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as the amount in controversy exceeds $75,000.00. Plaintiff seeks damages greater than $1,000,000.00.

**3.2**   This Court is a proper venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted in this complaint occurred in this judicial district; to wit, the benefits owed under ERISA were due and owing to Plaintiff in this judicial district, which is where the Plaintiff's husband was employed. This Court is also a proper venue under 29 U.S.C. § 1332(e)(2) because the breach of the Plan took place in this judicial district; to wit, the Defendants refused to extend to the Plaintiff ERISA benefits despite Plaintiff's husband's employment in this district.

## IV.  FACTS

**4.1**  On September 16, 2017, **FRANCISCO ZAMORA** was killed in an automobile wreck on FM 973 in Travis County, Texas. The collision caused **MR. ZAMORA'S** car to spin approximately 180 degrees before coming to rest upright facing west in both the north and south lanes of FM 973.  **MR. FRANCISCO ZAMORA** was pronounced dead at the scene of wreck.

**4.2**  As a result of the incident, **MR. ZAMORA** sustained very severe injuries, including, but not limited to, blunt force trauma causing his untimely death.

**4.3**  Plaintiff **HERNANDEZ** is an accidental death beneficiary through a life insurance policy issued by Defendant **METLIFE,** bearing Group Policy Number: KM 05987177-G, pertaining to 'Basic Term Life & Accidental Death and Dismemberment Insurance'.  This Group Policy evidences a contract between **METLIFE** and **MR. ZAMORA'S** employer: SACC, INC.  The benefits were coordinated through **SWBC** and its employee, **ILKA RAMIREZ.**

**4.4**  Prior to the filing of this Petition, **METLIFE, SWBC** and its employee, **ILKA RAMIREZ** declined coverage and benefits payout. **RAMIREZ**, representative of **METLIFE**, by the rejection and through the explanations in support of the rejection, made clear that **METLIFE, SWBC PROFESSIONAL EMPLOYER SERVICES I, LLC** and its employee, **ILKA RAMIREZ** takes the position that **MR. ZAMORA** was not eligible for benefits at the time of his death.

**4.5**  **HERNANDEZ**, in contrast, contends that **MR. ZAMORA** was entitled to benefits on the date of his death, because he finished the 60 day waiting period since he was

employed for 63 days. Accordingly, **HERNANDEZ** contends that she should be entitled to the available benefits payout pursuant to the policy.

 4.6    At all times material to this petition, Defendant **RAMIREZ** was an employee or agent of Defendant **SWBC**. Defendant **RAMIREZ'S** actions fall within the course and scope of her employment with Defendant **SWBC**. Defendant **SWBC** is liable for the acts and omissions of its employees under the doctrine of vicarious liability, or *respondeat superior*.

## V.    SUMMARY OF THE ACTION

**5.1**    Congress enacted the Employee Retirement Income Security Act ("ERISA") to provide basic protections for employees with respect to employee benefits plans offered by their employers. See 29 U.S.C. § 1001(a). Congress explicitly found that the protections in ERISA were necessary because many employees, despite years of employment, were losing their anticipated retirement benefits because their employers' plans lacked vesting provisions. Id.

**5.2**    The Defendants in this case have engaged in a scheme to undermine ERISA's protections, including its vesting requirements, and deny or otherwise limit benefits the law requires. Plaintiff brings this complaint, on behalf of themselves to end American Family's illegal and abusive practices.

**5.3**    This lawsuit seeks:

   A. Payment to Plaintiff of all amounts due under the Benefits Plan had it complied with ERISA's vesting and benefit accrual provisions;

   B. Payment to Plaintiff of all amounts due under the Plan had the plan complied with ERISA;

  C. An award of attorneys' fees, plus the costs and expenses of this action;

  D. Pre- and post-judgment interest, as afforded by law;

  E. All such other legal and equitable relief to which Plaintiff is entitled.

**5.4** In this matter, Defendant **METLIFE, SWBC** and its employee, **ILKA RAMIREZ** have rejected benefits payout that is based entirely on its interpretation of the scope of the term "waiting period" that is included in the applicable policy provisions. **METLIFE, SWBC** and its employee, **ILKA RAMIREZ** clearly contend that the term "waiting period" extends beyond the literal interpretation of 60 days.

**5.5** **MS. HERNANDEZ**, in contrast, takes the literal and logical view that **MR. ZAMORA'S** entitlement to benefits vested after he completed the 60 day waiting period prior to his death.

**5.6** This is a live controversy because the determination of this issue directly affects the ongoing negotiations between **MS. HERNANDEZ** and **METLIFE, SWBC** and its employee, **ILKA RAMIREZ**, and the outcome of this issue clearly affects her rights and status under the insurance policy at issue.

**5.7** **MS. HERNANDEZ**, through this action, seeks to have the Court interpret the definition of the term "waiting period" as included in the policy provision, and specifically, **MS. HERNANDEZ** seeks a determination of the scope of the term "waiting period" as it relates to the policy's definition of "eligibility."

**5.8** On or about each date of incident referenced above, **ZAMORA** had life insurance and AD&D coverage. Plaintiff has fully complied with all conditions of the insurance policy prior to bringing the suit. All conditions precedent have been performed or

have occurred. Nevertheless, Defendant, through the actions of their employees has failed and refused, and still fails and refuses, to pay Plaintiff **HERNANDEZ** reasonable benefits under this policy as it is contractually required to do.

**5.9** Defendants **METLIFE, SWBC** and its employee, **ILKA RAMIREZ'S** conduct constitutes a breach of the insurance contract made between Defendants **METLIFE, SWBC AND** ZAMORA.

**5.10** Defendants **METLIFE, SWBC** and its employee, **ILKA RAMIREZ'S** failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the United States, constitutes a breach of Defendants **METLIFE AND SWBC'S** insurance contract with Plaintiff.

**5.11** Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading for the prosecution and collection of the claim. Therefore, Plaintiff is entitled to reasonable and necessary attorney fees pursuant to 29 U.S.C. § 1132(g)(1).

## VI. REQUEST FOR RELIEF - CLAIM FOR BENEFITS UNDER THE POLICY

**6.1** Plaintiff is entitled to benefits under the Policy.

**6.2** Plaintiff has complied with her obligations to make proof of claim in accordance with the Policy requirements. Plaintiff did attempt to exhaust the Plan's administrative remedies but the SWBC Defendants improperly denied the claim on behalf of METLIFE. *See* the denial email from ILKA RAMIREZ, Exhibit "A." In it, she did

not 1) reference the specific Plan provision(s) on which the denial was based, nor 2) include a description of the Plan review procedures and time limits.

**6.3**   Plaintiff is entitled to have the Court conduct a trial *de novo* of the issues stated herein.

**6.4**   In the alternative, Defendants' decision to deny Plaintiff's benefits was arbitrary and capricious.

**6.5**   The Policy provides that the people who operate the Policy have a fiduciary duty to do so prudently and in the interest of Plaintiff, and its participants and beneficiaries.

**6.6**   The Policy provides that where Plaintiff qualifies for benefits under the Policy, Defendants will pay benefits.

**6.7**   Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks benefits which have not been paid to her.

**6.8**   ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), authorizes a participant or beneficiary of a plan to bring a civil action to recover benefits due under the terms of the plan, to enforce his rights under the terms of the plan, and to clarify his rights to future benefits under the plan.

**6.9**   ERISA defines an "employee pension benefit plan" and "pension plan" as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program (i) provides retirement income to employees, or (ii) results in a deferral of income by

employees for periods extending to the termination of covered employment or beyond." 29 U.S.C. §1002(2)(A).

**6.10** The Benefits Plan that SWBC offered to all employees in their Agreement meets the definition of an "employee pension benefit plan" under ERISA.

**6.11** Defendants' refusal to recognize the benefits as vested and non-forfeitable for Plaintiff was unlawful.

**6.12** Defendants' refusal to pay vested and non-forfeitable Benefits to Plaintiff was also a violation of ERISA.

**6.13** Defendants' ERISA violations have damaged Plaintiff, including but not limited to benefits due and owing had the Benefits Plan administration complied with ERISA.

## VII. PRAYER

WHEREFORE, Plaintiff demands judgment against the Defendants and relief from this Court as follows:

    A. Payment to Plaintiff of all amounts due under the Benefits Plan had it complied with ERISA's vesting and benefit accrual provisions;

    B. Payment to Plaintiff of all amounts due under the Plan had the plan complied with ERISA;

    C. An award of attorneys' fees, plus the costs and expenses of this action;

    D. Pre- and post-judgment interest, as afforded by law;

    E. All such other legal and equitable relief to which Plaintiff is entitled.

**RESPECTFULLY SUBMITTED**,

DESOUZA LAW, P.C.
3201 CHERRY RIDGE DR., B-208
SAN ANTONIO, TX 78230
TELEPHONE: (210) 714-4215
FACSIMILE: (210) 496-0060

BY: */s/ Jason F. DeSouza*
JASON F. DE SOUZA
STATE BAR No. 24073255
JASON@JFDLAWFIRM.COM

BY: */s/ Paul T. Bowers*
PAUL T. BOWERS
STATE BAR No. 24078247
PAUL@JFDLAWFIRM.COM

*ATTORNEYS FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document has been served on counsel of record via the Court's CM/ECF system.

*/s/ Paul T. Bowers*
Paul T. Bowers

# Exhibit "A"

**From:** Ramirez, Ilka <iramirez@swbc.com>
**Sent:** Tuesday, February 6, 2018 3:29 PM
**To:** Elma Benavides
**Subject:** Death Claim - Zamora

Hi Elma,

I'm sorry for the delayed response – after reviewing our records it has been confirmed that Mr. Zamora was not eligible for the Group Life.  He was hired on 07/24/2017 and Liberty Civil Construction has a 60 days waiting period.  His benefits would have been effective 10/01/2017.  I show he died on 09/24/2017 which makes him not eligible.

Ilka


**Ilka M. Ramirez**
*Employee Benefits Manager*
SWBC Professional Employer Services
30815 US Highway 281 North
Bulverde, TX 78163
iramirez@swbc.com
(830)980-1214  **Direct Line**
(210) 807-2855 **Cell Phone**
(210)468-4250  Direct Fax
(830) 980 -1200 After Hours Emergency Number

Visit our website at www.swbc.peo.com

Page 1 of 2



   

**Important Notice |** This communication may contain privileged and/or confidential information. It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing or using any of this information. If you received this communication in error, please contact the sender immediately and destroy the material in its entirety